[Crim. No. 1647. Second Appellate District, Division One.—June 15, 1928.]

THE PEOPLE, Respondent, v. IRVIN JORDAN, Appellant.

The facts are stated in the opinion of the court.

John A. De Weese and Josiah Cooms for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, J.— The principal question raised on this appeal by the defendant is similar to the written objection to the information and the demurrer filed in the trial court on behalf of the defendant. The objection made is that counts one, two, three, four, and five of an information charged the defendant with the offenses of grand theft; objection being made that on the dates when the various offenses were alleged to have been committed section 484 of the Penal Code of California defined larceny as the felonious stealing, taking, carrying, leading, or driving away the personal property of another. A few hours before the time of the last offense charged section 484 of the Penal Code was amended (Stats. 1927, p. 1046, sec. 1) so that it described as grand theft the offense charged, and included larceny, grand larceny, and false pretenses, as well as embezzlement; that defendant objected on the ground that at the dates when the crimes were alleged to have been committed the defendant would have had to have been tried only on an information limiting the offense to the felonious stealing, taking, carrying, leading, or driving away the personal property of another instead of having to stand trial on an indictment under which the People could have proven the additional offenses hereinbefore set forth.

If under the facts alleged the defendant could have been found guilty of a crime which would have carried a greater or different penalty there might be something in the contention of counsel for the appellant, but apparently the only difference in penalty would. be if the object stolen were an automobile valued at less than $200. In the given case the law as amended and under which the indictments were drawn does not alter the legal rules of evidence in the case at bar, and the portion of the section providing for a determination of the value of the property obtained would be inapplicable to the given case, as the taking of money only is charged in the various counts of the information.

There is nothing in the law as amended and objected to under which the present proceeding is had that in any way aggravates the particular crime or crimes herein charged, or in any way makes it any greater crime than it was under the law as it stood at the time when it was committed. This is so because of the fact that the defendant is charged only with taking money, which offense the amendment to the act does not in any way aggravate or in any way make any greater. The evidence shows that the facts proved against appellant were those establishing the commission of the crime heretofore known as the crime of obtaining property by false pretenses. Furthermore, the law as amended does not change the punishment for the particular crime herein charged, and does not in any way provide for the infliction of any greater punishment than was annexed to the particular crime charged when the crime was committed.

In this instant case we are passing only upon the facts and circumstances of the case itself, the nature of the crime charged and the evidence introduced to support it, and we are not intending that this rule should be extended to other crimes or facts other than the particular crime charged and the proof introduced to support the charge. For instance, if the charge were the taking of an automobile valued at less than $200 there would be an entirely different proposition for the court to pass upon, as the amendment aggravates such crime only and makes only that crime greater than it was before such amendment to the law was passed and such amendment provides that same punishment for the crimes herein charged and only prescribes a greater punishment for the theft of an automobile less than $200 in value.

In *People* v. *Campbell*, 59 Cal. 243, at 245 [43 Am. Rep. 257], the court quotes from Mr. Cooley in his work on Constitutional Limitations the following: " 'The defendant in any case must be proceeded against and prosecuted under the law in force when the proceeding is had.' 'A law is not unconstitutional which precludes a defendant in a criminal case from taking advantage of remedies which do not prejudice him'; . . . 'nor one which modifies, simplifies, and reduces the essential allegations in a criminal indictment, retaining the charge of a distinct offense.' " Also quoting

from that case at page 246, a quotation from the case of *Springfield* v. *Hampden Commissioners of Highways,* 6 Pick. (Mass.) 508: " 'But there is no such thing as a vested right to a particular remedy. The legislature may always alter the form of administering right and justice, and may transfer jurisdiction from one tribunal to another.' "

Again, the rule has been summarized as follows: "Amendatory Statutes.—If an act is criminal and punishable when committed, and a statute is subsequently enacted also making it criminal and punishable, but giving the crime a designation not before given to it, the situation of the accused is not altered to his disadvantage, and hence it cannot be said that there has been any *ex post facto* legislation, nor does the new or amendatory statute obliterate the pre-existing law so that a conviction and punishment after its enactment and the consequent repeal of the former statute can be regarded as a conviction and punishment of an act not criminal when committed." (37 Am. St. Rep. 582, at 585; also, see 6 R. C. L. 301, sec. 288.)

The information, although drawn in conformity with the law as amended, did not in any way hinder defendant in the preparation of his defense as long as the facts constituting the substance of the offense charged were fully given therein.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1928.

All the Justices present concurred.